# MCLAUGHLIN & STERN, LLP
**FOUNDED 1898**

|  |  |  |
|---|---|---|
| **BRETT R. GALLAWAY**<br>Partner<br>bgallaway@mclaughlinstern.com<br>(212) 448-1100 | 260 MADISON AVENUE<br>NEW YORK, NEW YORK 10016<br>(212) 448–1100<br>FAX (212) 448–0066<br>www.mclaughlinstern.com | MILLBROOK, NEW YORK<br>GREAT NECK, NEW YORK<br>WEST PALM BEACH, FLORIDA<br>NAPLES, FLORIDA |

May 5, 2017

**VIA ECF WITH COURTESY COPY TO COURT**
Hon. Frederic Block, U.S.D.J.
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   *Eliezer Colon, et al. v. National Broadband Communications LLC, et al.*
       Docket No.: 1:16-cv-00249-FB-RER

Dear Judge Block:

   This office is counsel for the Defendants, National Broadband Communications LLC ("NBC"), Executive Technicians Corporation ("ETC"), Cable and Connector Consultants, Inc. ("CAC"), 360 Connect, LLC, Christian Cabezas, and Aram Colinares (collectively "Defendants"), in the above-referenced action. We write, pursuant to Your Honor's Chambers Practices § 2(A), to request a pre-motion conference in anticipation of filing a motion to disqualify Plaintiffs' counsel, Jaffe Glenn Law Group, P.A., and the Law Offices of Martin E. Restituyo, P.C. from their representation of the individual plaintiffs and putative class plaintiffs.

   On March 31, 2017, Plaintiffs filed the First Consolidated Amended Complaint (the "Complaint") against Defendants, contending that Defendants engaged in illegal and improper wage practices which, among other allegations, subjected Plaintiff to unlawful deductions from their pay and allegedly unlawfully deprived Plaintiffs of overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Laws ("NYLL"). Defendants do not herein address the merits of Plaintiffs allegations but instead, respectfully request that the time to raise such defenses be equitably tolled until the within motion to disqualify counsel has been decided. To the extent that this Court cannot grant this request, Defendants have attached hereto as Exhibit A, a copy of the Answer Defendants intend to file in response to Plaintiffs' Complaint.

   This is not the first time Plaintiffs' counsel have named NBC as a defendant in a FLSA and NYLL case. In fact, Andrew Glenn, Esq., of the Jaffe Glenn Law Group, P.A., who is married to and business partners with Plaintiffs' current counsel, Jodi Jaffe, negotiated a Settlement Agreement and General Release (the "Agreement") by and between Jaffe Glenn Law Group, P.A. clients, Andres Done and additional opt-in plaintiffs, and Defendant NBC, that was executed to

McLaughlin & Stern, LLP

May 5, 2017
Page 2

resolve a nearly identical FLSA and NYLL dispute formerly before Hon. Jesse M. Furman. *See Done v. National Broadband Communication, LLC.* (Docket No. 1:14-cv-01636-JMF).

The terms of the Agreement are unequivocal, clear and present an insurmountable bar to Plaintiffs' counsel's ability to represent any plaintiffs in litigation against NBC or its "present or former directors, officers… including… Christian Cabezas and Aram Colinares… [as well as against any] related entities." Specifically, the Agreement states in pertinent part that:

> Plaintiff, Andres Done, and opt-in plaintiffs Jose V. Tejada, Guillermo Vizcoino and Edmundo Alfaro, ***on behalf of themselves and*** all of their heirs, executors, administrators, ***attorneys***, and assigns (collectively, "Plaintiffs") and National Broadband Communication, LLC., on its own behalf, on behalf of its present and former directors, officers, partners, employees, representatives, agents, attorneys, owners, and insurers, ***including without limitation Christian Cabezas and Aram Colinares***, ***and on behalf of all of their*** parents, subsidiaries, ***affiliates***, successors, ***related entities***, assigns, heirs, executors, administrators, and attorneys, (collectively "Defendants" and with Plaintiffs, the "Parties") hereby agree upon this Settlement Agreement and General Release ("Agreement") as a resolution of all issues involved herein…

(emphasis added). Not only has Plaintiffs' counsel named both Christian Cabezas and Aram Colinares as individual defendants in the underlying suit, but also, Plaintiffs' counsel has once again, and in direct contravention of the Agreement, directly sued NBC and its affiliates and related entities.

As Plaintiffs' counsel is aware, ETC, CAC and 360 Connect, LLC are each payroll processing companies which have, over the years, performed services exclusively for NBC and which are wholly owned and operated by the individual Defendants, Cabezas and Colinares. Cabezas and Colinares are also the sole owners and operators of NBC. Thus, all named Defendants are without question, "affiliates" and/or "related entities" to NBC. Accordingly, by the very terms of the Agreement negotiated by Plaintiffs' counsel, they are precluded from representation of the within plaintiffs and appearing in this lawsuit on their behalf constitutes a material breach of their own Agreement.

"Despite its reluctance to grant [motions to disqualify counsel], the Court must resolve any doubts in favor of disqualification." *Maricultura Del Norte, S. de R.L. de C.V. v. Worldbusiness Capital, Inc.*, 2015 U.S. Dist. LEXIS 29953, 2015 WL 1062167, at *7 (S.D.N.Y. Mar. 9, 2015) (citing *Arifi v. de Transp. Du Cocher, Inc.*, 290 F. Supp. 2d 344, 349 (E.D.N.Y. 2003)). In fact, courts have found disqualification as an appropriate remedy when counsel drafts prior settlement agreements that preclude them from future representation. See *Feldman v. Miners*, 230 A.D.2d 356 (1st Dep't 1997).

While Defendants acknowledge that enforcement of the Agreement would result in the restriction of Plaintiffs' counsel's right to practice law in this instance, it would not effectuate an absolute impediment to their general ability to practice law. Thus, enforcement would not run

McLaughlin & Stern, LLP

May 5, 2017
Page 3

afoul of N.Y. Jud. App., Code of Professional Responsibility DR 2-108(B), which provides that in connection with the settlement of a controversy or suit, a lawyer shall not enter into an agreement that restricts the right of a lawyer to practice law. N.Y. Comp. R. & Regs. tit. 22, § 1200.13(b).

Instead, as articulated by Hon. Judge Jack B. Weinstein in *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 53 F. Supp. 2d 338, 343,

> [t]he sparse case law interpreting DR 2-108(B) and its ABA analogue, Model Rule 5.6(b), suggests a judicial reluctance to interpret these rules as a bar to restrictive covenants in settlement agreements. In its only pronouncement on the subject, the New York Court of Appeals -- whose interpretations of ethical rules, as noted do not bind the court, but are nonetheless an appropriate source of guidance -- has stated: "The type of restriction that violates DR 2-108(B) is one that *completely prohibits* the lawyer from representing clients and thus offends the right of members of the public to select and repose confidence in lawyers of their choice without restriction by providing full availability of legal counsel." (citing *Cohen v. Lord, Day & Lord*, 75 N.Y.2d 95, 106 n.2 (1989)).

(emphasis in original) Accordingly, this Court may disqualify Plaintiffs' counsel based on the terms of the Agreement.

Defendants therefore, respectfully request a pre-motion conference to set a briefing schedule for its anticipated motion to disqualify Plaintiffs' counsel.  Defendants further respectfully request that to the extent that this Court finds that the within pre-motion conference request does not serve to toll Defendants' time to respond to Plaintiffs' Complaint, that the enclosure and service of the Answer attached hereto as Exhibit A, be deemed timely filed for purposes of Defendants' compliance with the Federal Rules of Civil Procedure.  Thank you in advance for the Court's kind attention to this matter.

Respectfully submitted,

Brett R. Gallaway, Esq.

Cc via email and ECF: Plaintiffs' counsel