**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ELIEZER COLON, LUDWIG RODRIGUEZ, JUAN IGLESIAS and HENRY SANTANA, on behalf of themselves and all others similarly situated,

*Plaintiffs,*

-against-

NATIONAL BROADBAND COMMUNICATIONS LLC, EXECUTIVE TECHNICIANS CORPORATION, CABLE AND CONNECTOR CONSULTANTS, INC., 360 CONNECT, LLC, CHRISTIAN CABEZAS, and ARAM COLINARES,

*Defendants.*

Index No. 16-cv-249(FB)(RER)

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs, Eliezer Colon, Emil Zapata, Francisco Romero, Jean Pichardo, Joshua Bullock, Juan C. Maldonado, Ludwig Rodriguez, Juan Iglesias, Henry Santana, Maximo Abreau and Tijan Guest ("Plaintiffs") on one hand, and National Broadband Communications, LLC, Executive Technicians Corp., Cable and Connector Consultants, Inc., 360 Connect, LLC (the "Defendant Corporation"), and Christian Cabezas and Aram Colinares (the "Individual Defendants") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand. The effective date of this Agreement shall be upon Court Approval after full execution and exchange of this Agreement by the parties ("Effective Date").

WHEREAS, Plaintiffs allege that they worked for Defendants as employees but were improperly classified and paid as independent contractors;

WHEREAS, Defendants maintain that at all times Plaintiffs were properly classified and paid as independent contractors;

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 16-cv-249(FB)(RER) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants involving Plaintiffs' employment through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Forty Two Thousand Seven Hundred and Fifty Dollars (**$42,750**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys as follows:

2. The Settlement Amount shall be delivered in 3 equal monthly installments commencing 5-days after the Effective Date with each subsequent installment payment delivered within 30-days after the previous installment payment. Each of the three payments shall be in the total amount of $14,542.62, delivered to Plaintiffs' counsel and will be divided as follows:

   a. A check in the amount of $2,483.77 made payable to "Jaffe Glenn Law Group, P.A." and a check in the amount of $2,363.77 made payable to "The Law Offices of Martin E. Restituyo, P.C.". Additionally, Defendants shall send two separate checks to each Plaintiff as 50% of Plaintiffs' settlement is to be treated as back wages, deducting appropriate taxes, and issuing Plaintiff with a W-2; and the remaining 50% will be treated as Plaintiffs' liquidated damages, for which Defendants will issue to Plaintiffs a 1099.

   b. These checks will be made payable as follows:

   Eliezer Colon; $653.31 as back wages; and $653.31 as liquidated damages for a total wage settlement of $3,919.86.

   Emil Zapata,, $546.12 as back wages; and $546.12 as liquidated damages; for a total wage settlement of $3,276.72.

   Francisco Romero, $268.28 as back wages; and $268.28 as liquidated damages, for a total wage settlement of $1,609.68,

   Jean Pichardo,$240.71 as back wages; and $240.71 as liquidated damages, for a total wage settlement of $1,444.26.

   Joshua Bullock, $259.82 as back wages; and $259.82 as liquidated damages, for a total wage settlement of $1,558.92.

2

Juan C. Maldonado, $804.94 as back wages; and $804.94 as liquidated damages, for a total wage settlement of $4,829.64.

Ludwig Rodriguez, $238.51 as back wages; and $238.51 as liquidated damages, for a total wage settlement of $1431.06

Juan Iglesias, $598.71 as back wages; and $598.71 as liquidated damages, for a total wage settlement of $3592.26.

Henry Santana, $757.95 as back wages; and $757.95 as liquidated damages, for a total wage settlement of $4,547.70.

Maximo Abreu, $102.13 as back wages; and $102.13 as liquidated damages, for a total wage settlement of $612.78.

and Tijan Guest. $64.07 as back wages; and $64.07 as liquidated damages, for a total wage settlement of $384.42.

c. Additionally, in return for services rendered to the Plaintiffs, the Named Plaintiffs Eliezer Colon and Juan Iglesias shall be entitled to Service Awards in the amount of $500.04 each, also to be paid in three monthly installments as delineated above in par. 2, in the amount of $166.68 monthly, for which 1099s shall be issued by Defendants.

d. Defendants and Defendants' Counsel make no warranty and have provided no advice regarding the tax treatment of payments and Plaintiffs acknowledge they has received no representations from Defendants' Counsel regarding taxation or tax advice. All taxes, other than the employer's share of payroll taxes, are the sole responsibility of the individual receiving the payment. Plaintiffs agree to provide to Defendants, through counsel, a form W-9 or valid Taxpayer Identification Number (including either a Social Security Number "SSN" or an Individual Taxpayer Identification Number "ITIN") to assist Defendants in the lawful issuance of the above payments. Defendants are not obligated to issue any payment of the Settlement Amount to Plaintiffs or Plaintiffs' counsel until they receive a valid Taxpayer Identification Number.

e. <u>Timeliness of Installment Payments.</u> The Settlement Amount must be received by the Plaintiffs and counsel for Plaintiffs by the close of business on the due date in order to be timely. If Defendants fail to timely make any payments hereunder, Plaintiffs counsel must give notice to Defendants' attorney of the failure. Said notice shall be provided to Defendants' counsel, Brett Gallaway, Esq. via electronic mail to bgallaway@mclaughlinstern.com.

f. <u>Consent Judgment.</u> If, after five (5) business days after Defendants' receipt of said notice, the payment obligation is not met by the Defendants, they

3

shall be in default for the sum of Forty Two Thousand Seven Hundred and Fifty Dollars and Zero Cents ($42,750.00), less any and all settlement payments previously received by Plaintiffs and their counsel. A Consent Judgment reflecting this default agreement, and made a part hereof as Exhibit "A", shall be executed by the parties and held in escrow by Defendants' attorney, Brett Gallaway, and shall immediately, on the same date of the default, be released to Plaintiffs' counsel for filing if the above payment obligations are not met in accordance with the terms herein.

3. <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally release from liability and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, for any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") for any and all claims relating to their employment they may have, or may have had, as of the Effective Date of this Agreement, and for damages, (A) that were asserted or could have been asserted in the Litigation, (B) that arise under federal, state or City of New York law, statute, ordinance, rule or regulation or its equivalent and relates to the compensation of, or wages, salary or benefits paid or payable to Plaintiffs, whether known or unknown, including claims under the Fair Labor Standards Act, New York Wage and Hour Law, New York Labor Law, the regulations of the New York State Commissioner of Labor, New York Executive Law Section 296(16), New York City Administrative Code Section 8-107(11), any and all common law claims alleging negligence, deceit, fraud, retaliation, seeking unpaid compensation, wages, salary employee benefits, wages, tips, uniform maintenance payments, notice/statement payments, spread of hours payments, commissions, accrued vacation time, accrued sick time or any other claims for any form of compensation whatsoever, in law or in equity, arising out of their employment relationship with Defendants, and (C) that any Defendant violated any contract, agreement, understanding or arrangement that relates in any way to the compensation, wages, salary or benefits paid or payable to Plaintiffs, whether known or unknown. Plaintiffs warrant that they are not Medicare beneficiaries as of the date of this Agreement and therefore no conditional payments have been made by Medicare. Plaintiffs will indemnify, defend and hold Defendants harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. This settlement is based upon a good faith determination of the parties to resolve a disputed claim. The parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S. C. Sec. 1395y(b). The parties resolved this matter in compliance with both state and federal law. The parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. Nothing in this Agreement is intended to enhance any rights to any benefits to which Plaintiffs may have been entitled during his employment with Defendants. Notwithstanding the above, nothing herein shall act as a release or waiver to Plaintiffs' entitlement to workers' compensation benefits, if applicable.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. <u>Dismissal of the Litigation</u>: Plaintiffs shall file with the Court in this litigation, within seven (7) days of receipt of the executed Settlement Agreement and last payment in accordance with paragraph 2, a Notice of Voluntary Dismissal with Prejudice. In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

6. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. <u>Acknowledgment</u>: Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Jodi J. Jaffe, Esq.
JAFFE GLENN LAW GROUP, P.A.
301 N. Harrison Street, Suite 9F, #306
Princeton, NJ 08540
Email: jjaffe@jaffeglenn.com

Martin Restituyo, Esq.
Law Offices of Martin Restituyo
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

To Defendants:

Brett Reed Gallaway
McLaughlin and Stern, LLP
260 Madison Ave, 20th
New York, NY 10016
Tel: (212) 448-1100
Fax: (212) 448-0066
Email: bgallaway@mclaughlinstern.com

9.  <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York.

10. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable. The parties agree that reasonable attorneys' fees and costs will be due to the prevailing party in an enforcement proceeding.

11. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Plaintiffs' counsel. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

**Plaintiffs:**

Date: 6-19-18      By: _[signature]_  
Eliezer Colon

Date: _____      By: _____  
Emil Zapata

Date: _____      By: _____  
Francisco Romero

Date: _____      By: _____  
Jean Pichardo

Date: 6/20/2018      By: _[signature]_  
Joshua Bullock

Date: 06/19/2018      By: _[signature]_  
Juan C. Maldonado

Date: 6/20/2018      By: _[signature]_  
Ludwig Rodriguez

Date: 6-20-2018      By: _[signature]_  
Juan Iglesias

Date: 6-19-2018      By: _[signature]_  
Henry Santana

Date: _____      By: _____  
Maximo Abreau

Date: 6-19/2018      By: _[signature]_  
Tijan Guest

7

**Plaintiffs:**

Date: _____           By: _____
                                  Eliezer Colon

Date: June 18 2018            By: _____
                                  Emil Zapata

Date: June 18 2018            By: _Francisco Romero_____
                                  Francisco Romero

Date: _____           By: _____
                                  Jean Pichardo

Date: _____           By: _____
                                  Joshua Bullock

Date: _____           By: _____
                                  Juan C. Maldonado

Date: _____           By: _____
                                  Ludwig Rodriguez

Date: _____           By: _____
                                  Juan Iglesias

Date: _____           By: _____
                                  Henry Santana

Date: _____           By: _____
                                  Maximo Abreau

Date: _____           By: _____
                                  Tijan Guest

7

**Plaintiffs:**

Date: _____

By: _____
Eliezer Colon

Date: June 18 2018

By: _[signature]_
Emil Zapata

Date: June 18 2018

By: _Francisco Romero_
Francisco Romero

Date: _____

By: _____
Jean Pichardo

Date: _____

By: _____
Joshua Bullock

Date: _____

By: _____
Juan C. Maldonado

Date: _____

By: _____
Ludwig Rodriguez

Date: _____

By: _____
Juan Iglesias

Date: _____

By: _____
Henry Santana

Date: 6-20-2018

By: _MAXIMO J. Abreu_
Maximo Abreu

Date: _____

By: _____
Tijan Guest

7

**Plaintiffs:**

Date: _____          By: _____
                                  Eliezer Colon

Date: _____          By: _____
                                  Emil Zapata

Date: _____          By: _____
                                  Francisco Romero

Date: 06/20/218              By: _____
                                  Jean Pichardo

Date: _____          By: _____
                                  Joshua Bullock

Date: _____          By: _____
                                  Juan C. Maldonado

Date: _____          By: _____
                                  Ludwig Rodriguez

Date: _____          By: _____
                                  Juan Iglesias

Date: _____          By: _____
                                  Henry Santana

Date: _____          By: _____
                                  Maximo Abreau

Date: _____          By: _____
                                  Tijan Guest

**Defendant Corporations:**

**National Broadband Communications, LLC.**

**By:** _____
**Print Name** _____
**Date:** _____


Date: _____           By: _____
                                        Christian Cabezas

**Executive Technicians Corp.**

**By:** _____
**Print Name** _____
**Date:** _____


Date: _____           By: _____
                                        Christian Cabezas

**Cable and Connector Consultants, Inc.**

**By:** _____
**Print Name** _____
**Date:** _____


Date: _____           By: _____
                                        Christian Cabezas

**360 Connect, LLC.**

**By:** _____
**Print Name** _____
**Date:** _____


Date: _____           By: _____
                                        Christian Cabezas

**Individual Defendants:**

Date: _____    _____
                                                   Christian Cabezas

Date: _____    _____
                                                   Aram Colinares